UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE ABRAMSON LAW GROUP, PLLC,

                   Plaintiff,

-against-

CARDEA CAPITAL GROUP, INC.,
CARDEA CAPITAL ADVISORS, LLC,
CARDEA CORPORATE HOLDINGS, INC.
AND CARDEA HOLDINGS USA, LLC,

                   Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/9/2025_

24 Civ. 5750 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    On January 22, 2025, at the Court's direction, the Clerk of Court entered default judgment for Plaintiff, the Abramson Law Group, PLLC, and against Defendants, Cardea Capital Group, Inc. ("CCG"), Cardea Capital Advisors, LLC ("CCA"), Cardea Corporate Holdings, Inc. ("CCH"), and Cardea Holdings USA, LLC ("CHU"). ECF No. 60 (judgment); *see also* ECF No. 59 (Court's order directing entry of judgment). Plaintiff registered the judgment in the U.S. District Court for the Northern District of Georgia, where Defendants are located. ECF No. 62 at 2. On June 6, Plaintiff moved for an order compelling Defendants, who have yet to satisfy the judgment, to appear for depositions pursuant to Federal Rule of Civil Procedure 30(b)(6). *Id.* The Court set a briefing schedule and ordered service of the motion on Defendants. ECF No. 63.

    On June 16, Defendants appeared in this action. ECF No. 64. Before the Court is Plaintiff's motion to compel, and Defendants' motion to vacate the judgment and to dismiss Plaintiff's claims. ECF Nos. 62, 68–72. For the reasons stated below, the motions are GRANTED IN PART and DENIED IN PART.

**DISCUSSION**

I.      Defendants' Motion to Vacate

Defendants argue that the Court must vacate the judgment against them because the Court never had subject matter jurisdiction over this action. ECF No. 68 at 1–3.

Federal Rule of Civil Procedure 60(b) allows a court to vacate a final judgment on enumerated grounds, including mistake, fraud, and when the judgment is void. Generally, when presented with a Rule 60(b) motion to vacate a default judgment, a court conducts a three-factor analysis, examining "whether the default was willful," "whether the defendant demonstrates the existence of a meritorious defense," and "whether, and to what extent, vacating the default will cause the non-defaulting party prejudice." *Williams v. Miracle Mile Props. 2 LLC*, No. 20 Civ. 3127, 2024 WL 3878826, at *4 n.3 (E.D.N.Y. June 21, 2024). But when a party moves under Rule 60(b)(4) to vacate a judgment for being void, this test does not apply, *id.*, because, if the judgment *is* void, "it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)," *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir. 2011) (citation omitted). A judgment is void only when "the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or [when] it acted in a manner inconsistent with due process of law." *Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 193 (2d Cir. 2006) (citation omitted).

Accordingly, the Court analyzes whether it had subject matter jurisdiction over this action when it rendered the default judgment. Because a federal question does not appear on the face of Plaintiff's complaint, jurisdiction could have been established only through diversity of citizenship. *See generally* Am. Compl., ECF No. 56. When this case began, Plaintiff alleged that it was a citizen of New York, *see id.* ¶ 2, and that Defendants CCG, CCA, CCH, and CHU

2

were all citizens of Georgia and/or states other than New York, *see id.* ¶¶ 3–6.  Defendants now clarify that at least one member of CCA, a limited liability company, was and is a citizen of New York, *see* ECF No. 66 ¶ 2; ECF No. 66-1(CCA subscription agreement); ECF No. 66-2 (CCA operating agreement); ECF No. 66-3 (CCA member New York state driver's license), meaning that CCA also possessed New York citizenship, *see Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (stating that a limited liability company takes the citizenship of all its members).  Because complete diversity did not exist when this action was filed, the Court lacked diversity jurisdiction when it issued the default judgment.  Accordingly, the judgment is void.

Plaintiff, who genuinely believed that the parties were diverse when it commenced suit, does not challenge this conclusion.  *See* ECF No. 70 ¶¶ 3–4.  Rather, Plaintiff contends that the Court should dismiss CCA, the nondiverse party, because CCA is a dispensable party whose dismissal would preserve diversity and allow Plaintiff to collect on the judgment.  *Id.* ¶ 4; ECF No. 71 at 4.

The Court agrees with Plaintiff.  Federal Rule of Civil Procedure 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  The Rule allows courts to dismiss a "dispensable nondiverse party . . . even after judgment has been rendered."  *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989).  In determining whether a party is dispensable, courts look to Federal Rule of Civil Procedure 19(b) to consider "(1) whether a judgment rendered in a person's absence might prejudice that person or parties to the action, (2) the extent to which any prejudice could be alleviated, (3) whether a judgment in the person's absence would be adequate, and (4) whether the plaintiff would have an adequate

3

remedy if the court dismissed the suit." *CP Sols. PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 159 (2d Cir. 2009) (per curiam).

CCA is dispensable. There is no indication that CCA or any other party would be prejudiced by a judgment rendered in CCA's absence. Defendants argue that dismissing CCA "will do plaintiff no good," not because CCA or any other Defendant would be prejudiced but because Plaintiff failed to comply with the parties' retainer agreement with regard to fee disputes, which Defendants state should serve as grounds for dismissal. *See* ECF No. 68 at 3. A judgment rendered in CCA's absence would be adequate—Defendants all signed the retainer agreement with Plaintiff and are, therefore, each liable for any unpaid legal fees. ECF No. 70 ¶ 4; ECF No. 70-6 (retainer agreement). Moreover, Plaintiff demonstrates that CCH, which has been renamed Fourcore Capital, Inc. ("Fourcore"), is the defendant most likely to be able to satisfy a judgment against it. ECF No. 70 ¶ 4; *see* ECF Nos. 62-1 to -3 (press releases announcing that Fourcore has received millions of dollars in funding). At this late stage, Plaintiff's interest in preserving the final judgment "may be overborne only by greater contrary considerations than those that would be required at an earlier stage of the litigation." *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 180 (2d Cir. 2007). Because such compelling considerations do not exist here, the Court shall vacate the judgment against CCA and dismiss CCA from this action.

Defendants now also clarify that a member of CHU, a limited liability company, was and is a citizen of New York, *see* ECF No. 70 ¶ 6 n.2; ECF No. 70-1 (noting, a member of CCA and CHU, is a citizen of the state of New York). Plaintiff notes that even assuming, for the sake of argument, that CHU is a New York citizen, it, like CCA, is a nondiverse, dispensable party. *See* ECF No. 70 ¶ 6 n.2. Defendants have not, however, established the citizenship of CHU. *See*

*Snyder Corp. v. Fitness Ridge Worldwide, LLC*, No. 18 Civ. 351, 2018 WL 1428254, at *2 (W.D.N.Y. Mar. 22, 2018) ("When establishing diversity of citizenship for a limited liability company, the party asserting jurisdiction must identify every member and specify the citizenship of each member."). Accordingly, by **September 23, 2025**, Defendants shall show cause, in writing, why the judgment should not be enforced against CHU and why CHU should not be dismissed from this action.

II.  Fee Arbitration

According to Defendants, once the Court vacates the default judgment, it must then dismiss the complaint because the retainer agreement between Plaintiff and Defendants specified that any fee disputes would be submitted to binding fee arbitration under Part 137 of the Rules of the Chief Administrator of the Courts of New York. *See* ECF No. 68 at 3–4; ECF No. 70-6 ¶ 5. As Plaintiff observes, Part 137 states that it does not govern "amounts in dispute involving a sum of . . . more than $50,000" unless both parties have consented to its application. N.Y. Comp. Codes R. & Regs. tit. 22, § 137.1(b)(2); *see* ECF No. 70 ¶¶ 11–12. Because Plaintiff seeks more than $50,000 in unpaid legal fees, Am. Compl. ¶ 48, and because neither party has consented to arbitration, Part 137 does not apply. Accordingly, the Court shall not dismiss the claims against Defendants.

III.  Motion to Compel

Defendants argue that the Court should deny Plaintiff's motion for Rule 30(b)(6) depositions, first, because Plaintiff did not properly serve Defendants with its deposition notices, and second, because Plaintiff selected an inappropriate location for the requested depositions. ECF No. 69.

Plaintiff served its Rule 30(b)(6) deposition notices on each defendant by first-class mail. ECF No. 70-8 at 6, 10, 14. Plaintiff also emailed the notices to Jared Gurfein, an attorney for Fourcore, and Jordan Waring, Fourcore's chief executive. *Id.* Defendants contend that such service by email is invalid under Federal Rule of Civil Procedure 5(b)(2)(F) because Gurfein and Waring never consented to email service. ECF No. 69 at 1–2. That is true. Regardless, service by mail is acceptable under Rule 5(b)(2)(C), so the deposition notices served on Defendants are valid.

Defendants also take issue with Plaintiff's choice of venue for the depositions, arguing that they should take place in Georgia, at Defendants' principal place of business. ECF No. 69 at 2. In its deposition notices, Plaintiff states that the depositions may be taken "at the office of The Abramson Law Group, PLLC, 570 Lexington Avenue, 23rd Floor, New York, New York 10022, *or by remote means such as Zoom*." ECF No. 70-8 at 2, 7, 11 (emphasis added); *see also* ECF No. 70 ¶ 15 (Plaintiff's request that the depositions be held over Zoom). Defendants may sit for the depositions in the comfort of their own office.

Although valid, Plaintiff made requests for Rule 30(b)(6) depositions in May 2025, *see* ECF No. 62 at 2; ECF No. 70-8, after default judgment had been entered and the case had been closed. Plaintiff's requests purportedly seek post-judgment discovery to aid satisfaction of the Court's judgment. *See* ECF No. 70-8 at 3–5, 8–9, 12–13 (deposition notices seeking discovery regarding the "[j]udgment . . . entered on January 22, 2025, which Plaintiff has obtained against each of the four Defendants"); *see also* ECF No. 62 at 3. Plaintiff claims that post-judgment recovery is necessary because it believes Defendants have or will soon make transfers of assets "for the purpose of impairing [Plaintiff's] ability to collect on the [j]udgment." ECF No. 21. Federal Rule of Civil Procedure 69(a)(2) provides in relevant part that "[i]n aid of the judgment

6

or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." Because Rule 69(a)(2) provides judgment creditors with "wide latitude in using the discovery devices provided by the Federal Rules in post-judgment proceedings," *see Donoghe v. Astro Aerospace Ltd.*, No. 19 Civ. 7991, 2022 WL 17095249, at *1 (S.D.N.Y. Nov. 21, 2022), and Plaintiff seeks to employ such discovery devices to assist in collecting on the Court's judgment, Plaintiff's motion to compel post-judgment discovery as to the remaining three Defendants, CCG, CCH, and CHU, is granted.

## CONCLUSION

For the reasons stated above, Defendants' motion to vacate the default judgment and dismiss Plaintiff's claims is GRANTED only as to CCA and DENIED in all other respects. Plaintiff's motion seeking Rule 30(b)(6) discovery is GRANTED as to CCG, CCH, and CHU. By **September 23, 2025,** Defendants shall designate one or more representatives to testify on their behalf and inform Plaintiff of said representatives' availability to sit for depositions. All depositions must be completed by **October 7, 2025**.

The Clerk of Court is respectfully directed to VACATE the default judgment against Defendant Cardea Capital Advisors, LLC, and DISMISS the claims against it. The Clerk of Court is further directed to terminate the motion at ECF No. 66 and to terminate Plaintiff's motion to expedite at ECF No. 73 as moot

SO ORDERED.

Dated: September 9, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge